# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:09-cv-123-FDW**

| | |
|---|---|
| **CHRISTOPHER FINLEY,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SAGENET L.L.C.,** *et al.*, )<br>)<br>**Defendants.** )<br>) | **ORDER** |

THIS MATTER comes now before the Court on Defendant SageNet L.L.C.'s Motion to Dismiss Plaintiff's Complaint (Doc. No. 10) for improper service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and Defendants John Cash and John Lucas' Motion to Dismiss Plaintiff's Complaint (Doc. No. 9) pursuant to Rules 12(b)(5) and (6), as well as Rule 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, Defendants' motions are GRANTED IN PART in that Plaintiff's causes of action against Defendants John Cash and John Lucas are DISMISSED, but DENIED IN PART in that Plaintiff's causes of action against SageNet L.L.C. may proceed. Furthermore, the Court *sua sponte* orders Plaintiff to amend his Complaint pursuant to Rule 12(e) to clarify the factual allegations of his Complaint.

**I.  BACKGROUND**

Plaintiff Christopher Finley filed a pro se Complaint on March 27, 2009, asserting employment discrimination under Title VII of the Civil Rights Act of 1964. The Complaint alleges that on or about June 18, 2008, while contracted to work for Defendant SageNet L.L.C. ("SageNet")

via an employment agency, GDH Consulting, Plaintiff was verbally harassed by Defendants John Cash and John Lucas, supervisors at SageNet, and subsequently wrongfully terminated. Plaintiff alleges that Defendants Cash and Lucas called him names, made racially-charged, degrading and derogatory remarks, did not want to train him for the job, made racial jokes, and otherwise made his training and work environment tense and uncomfortable. Plaintiff further contends that he was fired for no justification or by false accusations given by Defendants to GDH Consulting. Plaintiff asserts that prior to this incident he had always received praise for his work and had trained others at the request of his superiors based on his work performance. Plaintiff alleges Defendants' behavior was based on his race as an African American and that he suffered damages from his wrongful termination and subsequent mental health problems which stemmed from the incident. Plaintiff filed a charge with the Equal Employment Opportunity Commission and received his "Notice of Right to Sue" on December 29, 2008.

Upon filing his Complaint, Plaintiff sent service of process by certified mail to the three named Defendants separately. Plaintiff mailed these to the offices of SageNet at 4937 South 78th Street, Tulsa Oklahoma 74145, addressing the mailings to John Lucas, John Cash, and Daryl Woodward, SageNet's President (Doc. No. 4). The certified mailings were accepted and signed by Pat Hays, who is employed at SageNet as an accounting clerk (Doc. No. 11).

## II. DEFENDANTS JOHN LUCAS AND JOHN CASH'S MOTION TO DISMISS

Defendants Lucas and Cash move to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff failed to exhaust his administrative remedies through the EEOC. Defendants argue that Plaintiff failed to name them as official respondents in the underlying EEOC charge, and as a result, this Court cannot assert jurisdiction over them.

While the Court must consider all of the allegations of the complaint in the light most favorable to the plaintiff and hold a pro se litigant's pleadings to less stringent standards, the Court cannot definitively say whether the individual Defendants were named in the underlying EEOC charge because Plaintiff has failed to include a copy of the charge in his pleadings. The Court need not address this deficiency, however, because other grounds require dismissal of the individual Defendants.

In <u>Lissau v. Southern Food Serv., Inc.</u>, 159 F.3d 177, 180 (4th Cir. 1998) the United States Court of Appeals for the Fourth Circuit plainly stated that "supervisors are not liable in their individual capacities for Title VII violations." The plaintiff there filed sexual harassment claims against her employer and supervisor. <u>Id.</u> at 178. After an analysis of the statutory terms "employer" and "agent of such person," the court held that the term "agent" did not signal a congressional desire to impose liability on individual supervisors. <u>Id.</u> at 180 (<u>citing</u> 42 U.S.C. § 2000e-2(a) and § 2000e(b)). The court noted the incongruity the would result from exempting smaller companies, as Title VII does, while subjecting supervisors in larger companies to individual liability. <u>Id.</u> The court thus joined other circuits who had similarly concluded that Title VII did not impose individual liability on supervisors. <u>Id.</u>

John Lucas and John Cash acted individually as Plaintiff's supervisors and, therefore, cannot be held individually liable under Title VII. Their Motion to Dismiss is therefore GRANTED.

**III. DEFENDANT SAGENET'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Defendant SageNet moves to dismiss pursuant to Rule 12(b)(5), claiming that Plaintiff did not properly serve it with process under Rule 4(h). Rule 4(h) outlines the proper procedures for

serving a corporation, partnership, or association.[1] Rule 4(h)(1)(B) requires that service of process be delivered "to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Defendant argues that service of process was delivered to and signed for by Pat Hays, an accounting clerk, who in her affidavit states that she is not authorized to receive service of process for SageNet (Doc. No. 11).

Rule 4(h)(A) states that service of process may be affected "in the manner prescribed by Rule 4(e)(1) for serving an individual," which in turn allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where services is made." Plaintiff, having brought his case in the Western District of North Carolina, may therefore effect service pursuant to North Carolina law. Under Rule 4(j)(8)(c) of the North Carolina Rules of Civil Procedure, service of process may be sent to an unincorporated association by "registered or certified mail, return receipt requested, addressed to the officer, director, agent or member of the governing body to be served" who must be "an agent authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4 (West 2009). North Carolina Rule 4(j2)(2) further states that when service of process is affected by certified mail, proof of such service can be demonstrated by the delivery receipt signed by the person who received the mail or delivery. Id. Under this rule, a delivery receipt signed by a person who was not the addressee "raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." Id.

---

[1] The Court notes that SageNet is a limited liability company, which under North Carolina law is neither a true corporation nor partnership, but rather has characteristics of both. See Hamby v. Profile Producs, L.L.C., 652 S.E.2d 231, 235 (N.C. 2007). Rule 4(h), covering both organizations, therefore applies.

In Steffey v. Mazza Construction Group, Inc., the North Carolina Court of Appeals held that service of process was valid under Rule 4(j2)(2) when the certified mail return receipt indicated that the summons and complaint, which were addressed to the city manager, were received and signed for by another employee. 439 S.E.2d 241, 242-43 (N.C. App. 1994). The court held that plaintiff's affidavit, combined with the return receipt, "raises a presumption that the person who received the mail and signed the receipt was an agent of the addressee authorized to be served or to accept service of process." Id. at 243; see also Ruiz v. Mecklenburg Utilities, Inc., 657 S.E.2d 432, 435 (N.C. App. 2008).

To rebut the presumption of regular service, a defendant "must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons." Granville Medical Center v. Tipton, 586 S.E.2d 791, 797 (N.C. App. 2003). In Granville, the defendant attempted to rebut the presumption with an affidavit stating that he did not personally sign the receipt and that the person who did was not in any way connected with him. Id. at 798. The court held that the defendant's affidavit was insufficient, stating:

> The *crucial issue* is not whether the individual signing for the summons was formally employed by defendant as his agent, but *whether or not defendant in fact received the summons*. Conspicuously absent from defendant's affidavit is any allegation that he did not receive the summons, or did not receive notice of the suit.

Id. (emphasis added).

In this matter, Plaintiff's affidavit confirms that service was sent to Daryl Woodward by certified mail on April 1, 2009. Daryl Woodward is currently SageNet's president and is thus considered an "officer, director, or agent" who can accept service of process on behalf of SageNet.

-5-

The summons was signed for and accepted by Pat Hays, an accounting clerk at SageNet. These allegations are sufficient for the application of North Carolina's presumption of effective service.

Defendant attempts to rebut this presumption through Ms. Hay's affidavit, which states, "I am not employed as an officer, manager, or general agent, nor am I authorized by SageNet L.L.C. to accept service of process of their behalf." (Doc. No. 11). North Carolina case law makes clear, however, that this affidavit is insufficient to rebut the presumption because SageNet has in fact received the summons. See Granville, 586 S.E.2d at 798; see also Harris v. Maready, 319 S.E.2d 912, 916 (N.C. 1984).

In sum, SageNet has failed to demonstrate that Plaintiff's means of service and Ms. Hays' acceptance was improper. Defendant's motion to dismiss for inadequate service of process is therefore DENIED.

## IV. DEFENDANT SAGENET'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant SageNet also moves to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff's Complaint is at times incomprehensible, incomplete, or inapplicable to Defendant, and otherwise fails to include facts that support all of the elements of a Title VII claim.

In reviewing a motion to dismiss, the court should view the allegations of the complaint in the light most favorable to the plaintiff. DeSole v. United States of America, 947 F.2d 1169 (4th Cir. 1991). While detailed factual allegations are not required, a complaint must assert factual allegations which "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Enough facts must be presented "to state a claim to relief that is plausible on its face." Id. at 570. Pleadings

drafted by pro se litigants should be held to less stringent standards than those presented by an attorney should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

To establish a Title VII claim for employment discrimination based upon race, the plaintiff must allege facts that support all of the elements required: (1) unwelcome conduct, (2) based on the plaintiff's race, which was (3) sufficiently pervasive or severe to alter the conditions of employment and to create a hostile work environment, and (4) some basis for imputing liability to the defendant. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).  Plaintiff alleges that SageNet employees John Lucas and John Cash, while acting as Plaintiff's supervisors, made offensive remarks, degrading and derogatory statements, and called him names.  Plaintiff alleges that these comments were racially charged and directed at him based on his race.  Plaintiff further alleges that this unwelcome conduct created a hostile work environment and resulted in his wrongful termination.  Plaintiff argues that Defendant is vicariously liable as an employer based on respondeat superior.  These allegations have sufficiently, if minimally, created a basis for a Title VII claim for which Plaintiff may be entitled to relief.

Defendant cites Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985), in which the plaintiff made no substantive request for relief in a complaint that contained only sentence fragments, passing references to facts and principles, and scant assertions.  The Court believes that Plaintiff's Complaint is distinguishable.  Although Plaintiff is clearly not an attorney, he has set forth the minimum requirements for a claim and has alleged enough facts to avoid dismissal at this stage.

The Court does agree, however, that Plaintiff's Complaint is difficult to fully understand. The appropriate response to such difficulty is not dismissal, but rather an opportunity for Plaintiff to make a more definite statement.  It is well established in Supreme Court and Fourth Circuit case

law that insufficient claims may be amended to achieve justice. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791-92 (1945)). Therefore, the Court will *sua sponte* order Plaintiff under Rule 12(e) to file a more definite statement with more specific factual allegations so that Defendant can properly respond. See Thomas v. Independence Tp., 463 F.3d 285, 289 (3rd Cir. 2006) ("Even when a defendant does not formally move for a more definite statement, the district court has the discretion to demand more specific factual allegations . . . ."); see also Anderson v. District Bd. of Trustees of Cent. Florida Community College, 77 F.3d 364, 367 n.5 (11th Cir. 1996); Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

Accordingly, Plaintiff is hereby **ORDERED** to file a more definite statement, setting forth the exact circumstances of Plaintiff's employment with Defendant, the exchanges that occurred between Plaintiff and John Lucas and John Cash, and the events that led to Plaintiff's termination. Plaintiff shall have **ten (10) days** from the date of this Order, **on or before July 10, 2009**, to comply.

## V. CONCLUSION

In sum, the individual Defendants' motion to dismiss is GRANTED and Plaintiff's claims against John Lucas and John Cash are DISMISSED. Defendant SageNet's motion to dismiss for improper service of process is DENIED. SageNet's motion to dismiss for failure to state a claim is also DENIED. Finally, the Plaintiff is ORDERED to file a more definite statement on or before July 10, 2009.

IT IS SO ORDERED.　　　　　　　　　　Signed: June 29, 2009

-8-　　Frank D. Whitney
United States District Judge